FILED

2014 MAY 29 PM 4:38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TYSON McRAE, et al.,<br><br>Defendants. | Case No. ED CV 14-1004-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

    On May 19, 2014, defendant Kelli Knapp, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court. Defendant Tyson McRae presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either

1

diversity or federal question jurisdiction, or supplying jurisdiction due to denial of civil rights, and therefore removal is improper. 28 U.S.C. §§ 1441(a), 1443; *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Here, defendant has asserted federal question jurisdiction, diversity jurisdiction, and civil rights denial as her bases for removal. But the unlawful detainer action to be removed does not actually raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441; *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("the question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint'"). Further, even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000, as the unlawful detainer complaint asserts that the amount in controversy does not exceed $10,000. *See* 28 U.S.C. §§ 1332, 1441. Finally, defendant's assertion of removal jurisdiction under 28 U.S.C. § 1443 is baseless, as she has not satisfied either prong of the two-part test required for removal under § 1443(1). *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) ((1) "the petitioners must assert, as a defense to the prosecution, rights that are given them by explicit statutory enactment protecting equal racial civil rights"; and (2) "petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights") (internal quotation marks and citations omitted).

//
//
//

1     Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the
2 Superior Court of California, San Bernardino County, Fontana District, 17780
3 Arrow Boulevard, Fontana, CA 92335, for lack of subject matter jurisdiction
4 pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this
5 Order to the state court; and (3) that the Clerk serve copies of this Order on the
6 parties.

8 DATED: 5/27/14

    HONORABLE GEORGE H. KING
    CHIEF UNITED STATES DISTRICT JUDGE

10 Presented by:

Sheri Pym
13 United States Magistrate Judge

3